**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 15 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANGEL MARTIN-PEREZ,<br><br>              Petitioner,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>              Respondent. | No.   20-71394<br><br>Agency No. A206-484-178<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 8, 2021**

Before:    CANBY, TASHIMA, and MILLER, Circuit Judges.

Angel Martin-Perez, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen. *Mohammed v.*

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). We review de novo claims of due process violations in immigration proceedings. *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We deny the petition for review.

The BIA did not abuse its discretion in denying Martin-Perez's motion to reopen where the record did not demonstrate that he expressed a fear of harm before the immigration judge ("IJ") that would trigger the IJ's duty to advise Martin-Perez as to asylum and related relief. *See Zamorano v. Garland*, 2 F.4th 1213, 1223 (9th Cir. 2021) (petitioner did not raise a "reasonable possibility" that he may be eligible for asylum and related relief in order to trigger the IJ's duty to inform him of his "apparent eligibility" to apply for such relief). Martin-Perez's related contention that the IJ violated his right to due process by not advising him of his eligibility for asylum and related relief fails. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim).

In his opening brief, Martin-Perez raises no argument challenging, and therefore waives, the BIA's determination that his motion to reopen did not assert an ineffective assistance of counsel claim. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived).

The BIA also did not abuse its discretion in denying Martin-Perez's motion to reopen where he did not establish that the evidence he sought to offer was new,

not available, and could not have been discovered or presented at the former hearing. *See* 8 C.F.R. § 1003.2(c)(1); *see also Bhasin v. Gonzales*, 423 F.3d 977, 984 (9th Cir. 2005) (new evidence in support of a motion to reopen could not have been able to be discovered or presented at the former hearing and must establish prima facie eligibility for the relief sought).

The stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**